UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NOAH B. and MARTHA M. SCHWARTZ, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Cause No. 1:21-CV-14-HAB |
| ADAMS COUNTY REGIONAL SEWER DISTRICT, | ) ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

Plaintiffs, adherents to the Amish faith, seek a declaratory judgment and injunction from the Court preventing Defendant from forcing them to connect to a sanitary sewer system. Defendant, in turn, has asked this Court to require Plaintiffs to join several state and local health and environmental entities as necessary defendants. Defendant's Motion to Join Necessary Parties, having now been fully briefed (ECF Nos. 25, 26, 28, 32), is ripe for determination.

**A.    Procedural History**

The joinder of parties was raised early and often by Defendant. In its Answer, filed on March 5, 2021, Defendant's Fourth Affirmative Defense alleged that "Plaintiffs have failed to join necessary parties." (ECF No. 16 at 19). At the same time, Defendant filed a motion (ECF No. 17) seeking to require Plaintiffs to notify the State of Indiana that the constitutionality of a state statute was being challenged, as required by Fed. R. Civ. P. 5.1(a) and N.D. Ind. L.R. 5.1-1. Plaintiffs notified the Court on March 26, 2021, that the required notice had been provided to the Indiana Attorney General. (ECF No. 21). The notice triggered the right, but not a requirement, of the Indiana Attorney General to appear and defend the constitutionality of the contested state statute.

The Court, pursuant to 28 U.S.C. § 2403(b), also certified to the Indiana Attorney General that this suit challenged the constitutionality of a state statute. (ECF No. 24).

While the parties waited to see if the Indiana Attorney General would appear, Defendant filed the instant motion. In its motion, Defendant seeks the joinder of the Adams County Commissioners (the "Commissioners"), the Adams County Health Department (the "Health Department"), the Indiana State Department of Health ("ISDH"), and the Indiana Department of Environmental Management ("IDEM") (collectively the "Joinees"). While Defendant addresses each Joinee individually, its argument boils down to one, overarching point: if Plaintiffs prevail, their human waste removal processes will be subject to oversight by the Joinees. Accordingly, Defendant asserts, each Joinee has an interest in the outcome of this case and must be joined. For their part, Plaintiffs argue that any regulatory violations can be addressed through later enforcement proceedings, obviating any need for joinder.

**B.  Legal Analysis**

Required joinder is governed by Fed. R. Civ. P. 19, which provides, in pertinent part:

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

(2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to

> join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.
>
> (3) Venue. If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.

Fed. R. Civ. P. 19(a)(1). "The purpose of Rule 19 is to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." *Askew v. Sheriff of Cook Cty.*, 568 F.3d 632, 634 (7th Cir. 2009). The test for an indispensable party "is whether justice cannot be done unless [the party] is joined." *Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir. 1993) (quotation omitted). It is the party advocating for joinder that "generally has the initial burden to establish the absent person's interest." *In re Veluchamy*, 879 F.3d 808, 819 n.4 (7th Cir. 2018). Determinations about proper joinder are of necessity highly discretionary, involving intensely case-specific decisions about the fairest and most economical way to adjudicate claims. *Rutherford v. Merck & Co., Inc.*, 428 F.Supp.2d 842, 855 (S.D. Ill. 2006).

While Defendant lists the foregoing legal requirements, its arguments are not addressed to any specific subsection of Rule 19. As Defendant notes (*see* ECF No. 32 at 6–7), Plaintiffs don't mention Rule 19 at all in their filing. Accordingly, the Court's analysis is hampered by a lack of on-point legal argument from either side. As best as the Court can divine from the pleadings before it, the dispute seems to revolve around the requirements of Rule 19(a)(1)(B)[1]; Defendant's primary point appears to be that the Joinees have interests in this action that must be addressed by this Court. Having reviewed the filings and the relevant case law, the Court must disagree.

---

[1] "Complete relief" in Rule 19(a)(1)(A) refers to "relief as between those already parties not between a party and the absent person." *Morgan Guaranty Trust Co. of New York v. Martin*, 466 F.2d 593, 598 (7th Cir. 1972); *see also Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 313 (3rd Cir. 2007) ("As should be apparent, we necessarily limit our Rule 19(a)(1) inquiry to whether the district court can grant complete relief to persons *already named* as parties to the action; what effect a decision may have on absent parties is immaterial.") (original emphasis). Whether or not the Joinees also have an interest in this suit, Defendant has not explained why or how the Court could not grant complete relief as between Plaintiff and Defendant. Therefore, the Court finds joinder is not required under subsection (a)(1)(A).

The Seventh Circuit has characterized a necessary party under Rule 19(a)(1)(B) as a person that "claims an interest relating to the subject of the action and that interest will either be endangered by going forward in her absence or else will threaten to whipsaw an existing party with inconsistent obligations." *J.P. Morgan Chase Bank, N.A. v. McDonald*, 760 F.3d 646, 653 (7th Cir. 2014). In arguing that the Joinees have such an interest, Defendant overstates the relief sought by Plaintiffs. Defendant repeatedly asserts that Plaintiffs are asking for permission to violate state and local health regulations. (*See* ECF No. 26 at 9) ("The Plaintiffs seek to create a residential wastewater system that conflicts with [IDEM] requirements."); (ECF No. 26 at 10) ("[T]he Plaintiffs ask for a permanent injunction allowing them to dispose of their waste under their own set of rules without any government involvement."). Aside from the fact that Plaintiffs effectively disclaim any such request in their Response (*see* ECF No. 28 at 4–5), the Court does not read the Complaint as demanding any such relief.

Damages aside, Plaintiffs' requested relief is limited to "[a] declaration and injunction ordering that Defendant may not insist and require that Plaintiffs connect to the Pleasant Mills Sewer System or any other municipal sewer system." (ECF No. 2 at 11). Conspicuous by its absence is any request that the Court bless Plaintiffs' current waste removal practices, or any future waste removal practices. Certainly, the Complaint does not ask for a complete dispensation from all wastewater regulations; Plaintiffs concede that they would be subject to enforcement actions by the Joinees should their privies violate applicable statutes and administrative code sections. (ECF No. 28 at 4). The existence of the right to pursue future enforcement actions belies the notion that the Joinees have interests that would be endangered by going forward in their absence. *See Ammex, Inc. v. McDowell*, 443 F.Supp.3d 863, 876 (E.D. Mich. 2020) (EPA not necessary party

because it would not "be precluded from bringing its own enforcement action against" the plaintiff should plaintiff prevail).

For much the same reason, there is no concern about inconsistent obligations. A determination that Plaintiffs need not connect to a municipal sewer system *is not* the same as a determination that they are relieved of governmental oversight altogether. Rather, as Defendant points out, Indiana has regulatory guidance on general sewage disposal requirements for any dwelling "that is not connected . . . to a sanitary sewer system." 410 IAC 6-8.3-52. There would be nothing inconsistent in relieving Plaintiffs of the obligation to connect to a sanitary sewer system while at the same time holding them to applicable health codes. To the contrary, that very situation appears to have been expressly contemplated by the drafters of the Administrative Code.

The existence of an administrative process leads the Court to question whether it even could hear any concerns raised by the Joinees at this stage. Any governmental determination that Plaintiffs were in violation of applicable health codes would be subject to an administrative appeal, likely via the procedures set forth in the Indiana Administrative Orders and Procedures Act. *See* 410 IAC 6-8.3-55(f), (g). AOPA, codified at Ind. Code § 4-21.5 *et seq.*, sets forth a panoply of procedures, including an opportunity to correct any violation, I.C. § 4-21.5-2.5-1 through -12, administrative adjudicative proceedings, I.C. § 4-21.5-3-1 through -37, mediation, I.C. § 4-21.5-3.5-1 through -27, and judicial review, I.C. § 4-21.5-5-1 through -16. The statute limits judicial review to review by an Indiana state court. I.C. § 4-21.5-1-5. Indeed, the Court struggles to imagine how it could ever have subject matter jurisdiction over a violation of an Indiana health code by an Indiana citizen. Rather, it seems far more likely that this Court would be expressly prohibited from second-guessing the outcome of the AOPA procedure. *See, e.g.*, *Beth-El All Nations Church v. City of Chicago*, 486 F.3d 286, 292 (7th Cir. 2007) (under the *Rooker-Feldman* doctrine, "lower

5

federal courts lack subject-matter jurisdiction when, after state proceedings have ended, a losing party in state court files suit in federal court . . . seeking review and rejection of that judgment").

It may be that the Joinees, having now been alerted to the existence of this suit, will seek to intervene to protect any interest they may have. The Court is not pre-determining any such request. However, the Court finds no basis under Rule 19 to *require* that the Joinees be added as defendants in this case. Since that is the issue before the Court, Defendant's motion must be denied.

**C.     Conclusion**

For the foregoing reasons, Defendant's Motion to Join Necessary Parties (ECF No. 25) is DENIED. Because this ruling does not affect the State of Indiana's right to intervene under 28 U.S.C. 2403(b), the State's Motion to Delay Ruling (ECF No. 31) is DENIED.

SO ORDERED on May 25, 2021.

       s/ Holly A. Brady
       JUDGE HOLLY A. BRADY
       UNITED STATES DISTRICT COURT